# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **RUTH DOPSON-TROUTT and FRANK TROUTT,**<br><br>　　　Plaintiffs,<br><br>v.<br><br>**NOVARTIS PHARMACEUTICALS CORPORATION,**<br><br>　　　Defendant. | No. 8:06-cv-1708-T-24-EAJ |

## NOVARTIS' MOTION TO QUASH SUBPOENAS OF DIANE YOUNG AND JOANNE MACHALABA

Novartis and its non-party employees, Diane Young, M.D. and Joanne Machalaba, jointly move to quash as improperly served two subpoenas seeking to compel Dr. Young's and Ms. Machalaba's appearance at trial, over 900 miles away from their homes in New Jersey. Dr. Young and Ms. Machalaba are well outside the territorial limits of the Court's civil subpoena power. Both Dr. Young and Ms. Machalaba have been deposed and their testimony is available for use at trial (and plaintiffs have designated it for that purpose). The Court should quash these subpoenas, as this court already has done in *Guenther*.[1]

### LOCAL RULE 3.01(g) CERTIFICATION

Pursuant to Local Rule 3.01(g), Novartis' counsel conferred with plaintiffs' counsel in a good faith effort to resolve the issues raised herein, but counsel did not reach agreement.

---

[1] Order, *Guenther v. Novartis Pharm. Corp.*, No. 6:08-cv-456-Orl-31DAB (M.D. Fla. Aug, 16, 2013), ECF No. 185.

**MEMORANDUM OF LAW**

On August 28, 2013, plaintiffs served subpoenas for trial testimony of Novartis employees Dr. Young and Ms. Machalaba, on Novartis's registered agent in Florida. *See* Subpoena to Dr. Young (Ex. 1); Subpoena to Ms. Machalaba (Ex. 2). Each subpoena identifies the Novartis employee by name and asserts that she is a "Corporate Designee" of Novartis. Dr. Young and Ms. Machalaba live and work in New Jersey. Novartis does not intend to call either as a witness at trial.[2] For the reasons set forth below, the Court should quash both subpoenas.

**I. The Court should quash the subpoenas on Dr. Young and Ms. Machalaba because they were improperly served.**

    **A. The Court's civil subpoena power is subject to territorial limits.**

The power of this Court to compel witnesses to testify at trial under a subpoena is defined by Rule 45 of the Federal Rules of Civil Procedure. Under Rule 45(b)(2), in relevant part, a subpoena "may be served at any place: (A) within the district of the issuing court; [or] (B) outside the district but within 100 miles of the place specified for the deposition, hearing, trial, production or inspection." In *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 234 (1964) the Supreme Court explained that the territorial limitation on a district court's civil subpoena power "is designed not only to protect witnesses from the harassment of long,

---

[2] Novartis inadvertently listed both on its witness list as possible witnesses; this was done before the Court granted Novartis' motion to strike the punitive damages claim in this case. The corporate witnesses should have been removed from the list thereafter. Novartis does not intend to call any corporate witness at the trial of this case, and said so in the joint pretrial order. Joint Pretrial Statement at 24 (ECF No. 138). And in any event, listing a witness on a witness list does not waive the service requirements of Rule 45. *Cf. In re Air Crash Disaster at Detroit Metro. Airport on Aug. 16, 1987*, 130 F.R.D. 647, 650-51 (E.D. Mich. 1989) (defendant has no obligation to produce witnesses beyond the subpoena power of Rule 45); *A.I.A. Holdings, S.A. v. Lehman Bros., Inc.*, 97 CIV. 4978 (LMM), 2002 WL 31324030, at *2 (S.D.N.Y. Oct. 16, 2002) (same).

2

tiresome trips but also, in line with our national policy, to minimize the costs of litigation, which policy is strongly emphasized in the Federal Rules of Civil Procedure." As the Fifth Circuit held in a ruling that is binding law in the Eleventh Circuit, courts have "no power to force a civil defendant outside its subpoena jurisdiction to appear personally at trial and there submit to examination."[3]

The territorial limits on the Court's Rule 45 civil subpoena power apply equally to party and non-party witnesses. The Seventh Circuit has noted that a court's authority to subpoena the defendants in the case was "limited to its district and a 100-mile radius around the courthouse" and held that the court could not rely on its inherent powers to get around this territorial limitation.[4] Likewise, the First Circuit has recognized that a district court could not rely on its Rule 45 subpoena power to compel the appearance of defendant's president from outside the court's territorial jurisdiction.[5] In short, as Wright and Miller put it, "[t]he 100-mile limit applies to a party as well as an ordinary witness."[6]

---

[3] *GFI Computer Indus., Inc. v. Fry*, 476 F.2d 1, 5 (5th Cir. 1973); *see also Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 179 (5th Cir. 2007) (reaffirming *GFI Computer Industries* and rejecting plaintiffs' attempt to compel trial appearance of out-of-state defendant as beyond the power of the district court to order).

[4] *McGill v. Duckworth*, 944 F.2d 344, 353-54 (7th Cir. 1991).

[5] *Brockton Savings Bank v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 9-10 (1st Cir. 1985).

[6] 9A Charles Alan Wright & Arthur R. Miller et al., FEDERAL PRACTICE AND PROCEDURE § 2454 (3d ed. updated Dec. 2012).

The fact that plaintiffs purported to serve Dr. Young and Ms. Machalaba through a registered agent for Novartis in Tallahassee changes nothing. When a subpoena is directed to a particular person (and not the corporation generally), *it must be served personally.*[7] And in any event Tallahassee is both outside this district and beyond the reach of the 100-mile rule.

A party who wants to present the trial testimony of a party witness who is beyond the court's subpoena power has a remedy in Rule 32(a)(4)(B), the "unavailable witness" rule. That rule allows the party to use at trial "the deposition of a witness, *whether or not a party*, if the court finds…that the witness is more than 100 miles from the place of hearing or trial."[8] The material certainly exists. Plaintiffs' counsel conducted two full days of video depositions of both Dr. Young and Ms. Machalaba while this case was consolidated in the MDL. Plaintiffs have designated and played portions of those depositions in other trials (and have made such designations in this case as well).[9] Both have also testified at trials, the transcripts of which are also available. Neither Dr. Young nor Ms. Machalaba has any factual knowledge specific to the plaintiff in this case. Their testimony in this case would cover the exact same matters addressed in their video depositions and prior trial testimony. Indeed,

---

[7] *McClendon v. Dougherty*, No. 2:10-CV-1339, 2011 WL 4971847, at *2-3 (W.D. Pa. Oct. 19, 2011) (when a subpoena is directed to a specific person employed by the party-company, the subpoena should be served on that person); *In re Davidson*, BR No. 13-04-18262, 2008 WL 504093, at *1 (D.N.M. Feb. 20, 2008) (if plaintiffs sought to subpoena a specific witness, they should have served that witness); David D. Siegel, *Practice Commentaries*, Fed. R. Civ. P. 45 (West Ann.) ("If a particular person in the employ of a corporation or other entity is the person sought as a witness, the subpoena should of course be delivered to that person….").

[8] Fed. R. Civ. P. 32(a)(4) (emphasis added).

[9] Plaintiffs' attorneys have designated deposition testimony of Dr. Young and Ms. Machalaba, either together or individually, in multiple prior trials, including the *Chiles*, *Guenther*, *Fussman*, *Meng*, *Baldwin*, *Bessemer*, *Georges*, and *Davids* trials. In this case, plaintiffs made very similar deposition

plaintiffs say so: both subpoenas describe the anticipated scope of testimony as "Per prior depo/trial testimony."

Plaintiffs accordingly have a viable means of obtaining Dr. Young's and Ms. Machalaba's testimony for trial in this case.

**B. Plaintiffs' argument that a 1991 amendment to Rule 45 *sub silentio* expanded the Court's territorial subpoena power over parties and party officers has no merit.**

Novartis expects that plaintiffs will argue—as they did unsuccessfully in *Guenther*—that Rule 45(b)(2) has been abrogated with regard to corporate officers (which they say that Dr. Young and Ms. Machalaba are) by a 1991 amendment to Rule 45(c)(3)(A)(ii). That rule provides that a court must quash a subpoena if it:

> requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person.

Plaintiffs' argument is that this rule *by negative inference* eliminates the protection from subpoena extended by Rule 45(b)(2), the rule that defines where proper service of a subpoena can be effected.

There is caselaw that favors plaintiffs' position. Perhaps the most influential case is *In re Vioxx*, in which a judge in the U.S. District Court in Louisiana interpreted Rule 45(c)(3)(A)(ii) as permitting nationwide service of a subpoena on a corporate officer based on what the judge considered to be the plain language of Rule 45(c)(3)(A)(ii).[10] The judge

---

designations. *See* Joint Pretrial Statement Exhibit 4(a) at 15-21, 30-31 (ECF No. 138-4) and Exhibit 4(b) at 35-42, 60-61 (ECF No. 138-5).

[10] *In re Vioxx Prods. Liab. Litig.*, 438 F. Supp. 2d 664 (E.D. La. 2006).

conceded that his interpretation was by "inverse inference."[11] A number of courts have followed suit and ordered corporate officers to appear at trial by subpoena.

The *Vioxx* interpretation has been extremely controversial, for the reasons set forth below. It has since been abandoned even by the Eastern District of Louisiana. In 2008, two years after the initial decision, the court *rejected* the argument that Rule 45 allows nationwide service of subpoenas on party witnesses, noting "that when Congress has sought to provide for service of subpoenas in places other than those listed in Rule 45(b)(2), it has done so with unmistakable clarity."[12] The court extensively reviewed the history of the 1991 amendment of Rule 45 and found that nothing suggested a scheme of nationwide service over party witnesses.[13]

Because of the controversy over the *Vioxx* interpretation, the Judicial Conference of the United States—the entity charged by Congress with oversight authority over "the operation and effect of the general rules of practice and procedure in use within the federal courts"[14]— issued a statement two years ago that "the 1991 amendments [to Rule 45] *were not intended to create the expanded subpoena power* [of the *Vioxx* interpretation]."[15]

---

[11] *Id.* at 666.

[12] *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 218 (E.D. La. 2008).

[13] *Id.* at 220-22.

[14] *See* http://www.uscourts.gov/FederalCourts/JudicialConference.aspx.

[15] *See* June 16, 2011 Report of the Civil Rules Advisory Committee of the Judicial Conference of the United States, at 3 ("June 16, 2011 Advisory Committee Report") (emphasis added) (Ex. 3).

### 1. Congress did not intend to create nationwide subpoena powers by the language of Rule 45(c)(3)(A)(ii).

Even the *Vioxx* court acknowledged that "nothing in the history or adoption of current Rule 45(b)(2)…or Rule 45(c)(3)(A)(ii)…conveys any intention to alter the 100 mile rule. In fact, the 1991 advisory committee's notes to Rule 45(b) and Rule 45(c) reinforce [the defendant's] argument."[16] When the same court rejected the *Vioxx* interpretation two years later, it noted "when Congress has sought to provide for service of subpoenas in places other than those listed in Rule 45(b)(2), it has done so with unmistakable clarity."[17]

Indeed, when Congress wants there to be nationwide service, it says so. For example, the Federal Rules of Civil Procedure contrast with the Federal Rules of *Criminal* Procedure with regard to the scope of the court's subpoena power. Federal Rule of Criminal Procedure 17 provides that "[a] subpoena requiring a witness to attend a hearing or trial may be served at any place within the United States."[18] Many courts have commented on this distinction.[19]

Joining the chorus is the Judicial Conference of the United States, which proclaimed in 2011 that "the 1991 amendments [to Rule 45] were not intended to create the expanded subpoena power [of the *Vioxx* interpretation]."[20] In order to place the issue past any future argument, it has proposed amendments to Rule 45 to "restore the original meaning of the

---

[16] *In re Vioxx*, 438 F. Supp. 2d at 667 (citation omitted).

[17] *Big Lots Stores*, 251 F.R.D. at 218.

[18] Fed. R. Crim. P. 17(e)(1).

[19] *See United States v. Garvey*, 693 F.3d 722, 725 n.2 (7th Cir. 2012) (noting distinction between district court's territorial subpoena power in criminal and civil cases); *Dynergy Midstream Servs., LP v. Trammochem*, 451 F.3d 89, 95-96 (2d Cir. 2006) ("Congress knows how to authorize nationwide service of process when it wants to provide it.") (quotation omitted).

[20] *See* June 16, 2011 Advisory Committee Report, at 3 (emphasis added).

1991 amendments and make clear that all subpoenas are subject to the geographical limitations" on a court's subpoena power. *Id.* Those amendments were circulated for comment and the comments received were reviewed and the original position of the Committee unanimously re-affirmed.[21] The proposals were forwarded to the Supreme Court for approval, were approved by the Court this past April, and they have been submitted to Congress for approval.[22] Unless amended by Congress, the clarifications to Rule 45 will go into effect automatically on December 1, 2013.[23] The amended language—designed to clarify the meaning of the 1991 amendments, not change it—says in relevant part:

> **Rule 45(c) Place of Compliance.**
>
> (1) **For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing or deposition only as follows:
>
>     (A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
>
>     (B)  within the state where the person resides, is employed, or regularly transacts business, if the person
>
>         (i)  is a party or a party's officer; or
>
>         (ii)  is commanded to attend a trial and would not incur substantial expense.[24]

Nobody, not even the *In re Vioxx* court, seriously claims that Congress intended to allow corporate officers to be served where nobody else could be through a "negative

---

[21] *See* Sept. 11, 2012 Report of the Proceedings of the Judicial Conference of the United States, at 30 (*available at* http://www.uscourts.gov/FederalCourts/JudicialConference/Proceedings.aspx) (Ex. 4).

[22] *See* Communication from The Chief Justice, The Supreme Court of the United States (transmitting amendments to Congress) (*available at* http://www.gpo.gov/fdsys/pkg/CDOC-113hdoc29/pdf/CDOC-113hdoc29.pdf) (Ex. 5).

[23] *See* 28 U.S.C. § 2074.

[24] *See* Communication from The Chief Justice, The Supreme Court of the United States, *supra* n.22, at 9.

inference" in a rule requiring certain subpoenas to be quashed. The people who made the rules have said they had no such intention. And barely a month after plaintiffs seek to require Dr. Young and Ms. Machalaba to testify in Tampa—900 miles from where they live and work—the amended Rule 45 will make it impossible to even make the argument. The subpoenas should be quashed, as they were in *Guenther*.

    **2.**    **The plain language of Rule 45 is directly contrary to the interpretation that plaintiffs ask this Court to adopt.**

The *Vioxx* court justified its excursion from the intent of Rule 45 by arguing that the "plain language" of the statute permitted service of subpoenas on corporate officers (doing so by creating an "inverse inference").[25] The plain language does no such thing.

**First**, Rule 45 has five sections. The *scope of a court's subpoena power* is set forth in sections (a) and (b), which discuss the required form and content of subpoenas, by whom and which court's subpoenas must be issued, and how service must be effectuated, including the various territorial limitations on the civil subpoena power. Nothing in either of these two sections permits nationwide service of a subpoena on any witness, including a party's officer. Rule 45(c) does not govern how a subpoena must be issued, but sets forth additional protections for certain witnesses, including protections against burdensome travel. The section only comes into play when a witness has been properly served under Rule 45(a) and (b).[26] As the Fourth Circuit has noted, the protections afforded by Rule 45 "to protect

---

[25] *In re Vioxx*, 438 F. Supp. 2d at 667-69.

[26] Rule 45(b)(2) starts "Subject to Rule 45(c)(3)(A)(ii)," but the natural reading of that clause is a further *limitation* on where subpoenas may properly be issued, not an implicit expansion.

nonparty witnesses from being inconvenienced by being compelled to travel inordinate distances" "have nothing to do with service."[27]

**Second**, Rule 45(b)(2)'s rule governing how service can be effected cannot be abrogated by negative inference by Rule 45(c)(3)(A)(ii)'s protection of certain witnesses, because they are talking about different things. Rule 45(b)(2) provides that a subpoena is valid only if issued in certain ways, including that it must be *served* within 100 miles of the place where the trial will occur. Rule 45(c)(3)(A)(ii)'s reference to 100 miles does not relate to the location of *service*, but protects nonparty witnesses who would be required by a subpoena to travel more than 100 miles from where they *live, work, or regularly conduct business*. In *Armenian Assembly of America, Inc. v. Cafesjian*, the U.S. District Court for the District of Columbia rejected a *Vioxx*-like expansion of the subpoena power granted by Rule 45(b)(2) on that basis:

> Rule 45(c)(3)(A)(ii) protects nonparty witnesses from having to travel more than 100 miles from where they reside or normally conduct business. The fact that it does not confer the same protections on party witnesses does not mean, however, that Rule 45(c)(3)(A)(ii) was intended *sub silentio* to expand the territorial reach of the courts' *subpoena power* over party witnesses.[28]

The correct plain-language interpretation of the rules is that a party or its officer may properly be compelled to travel to a testify at a trial if served within 100 miles of the trial, while a nonparty witness (or nonofficer of a party) is entitled to have a subpoena quashed not only if it was improperly served—such as by not being served within 100 miles of the trial— but also if it requires them to travel more than 100 miles from where they live, work, or

---

[27] *Guthrie v. Am. Broadcasting Cos.*, 733 F.2d 634, 638 (4th Cir. 1984); *see also id.* at 638 n.9 (valid service is a "precondition" to the applicability of protections against travel).

[28] 746 F. Supp. 2d. 55, 62 (D.D.C. 2010) (emphasis added).

regularly conduct business. And this is exactly what the amendments to Rule 45—intended to make the original meaning more clear—say.[29] In fact, "[t]he better view is that Rule 45(c)(3) does not expand the trial court's subpoena power as defined by Rule 45(b)(2)."[30]

The "negative inference" interpretation of Rule 45(c)(3)(A)(ii) can no longer be justified. The chorus of rejection of this erroneous view continues to grow,[31] and the door will close upon it forever in less than two months. This Court should decline to be one of the last to misinterpret the plain meaning and the manifest intent of Rule 45.

## II. The Court should quash the subpoenas because Dr. Young and Ms. Machalaba are not officers of Novartis.

Even under plaintiffs' erroneous interpretation of Rule 45, the court must quash the subpoena unless Dr. Young and Ms. Machalaba are "a party's officer."[32] Although "officer" is not defined in Rule 45, other uses of the term "officer" in the Federal Rules of Civil Procedure indicate that it is limited to the small group of a corporation's executive officers. Rule 4(h), for example provides that service of a complaint on a corporation must be

---

[29] *See* discussion *supra* at 7.

[30] 1 Steven S. Gensler, FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY: RULE 45. Subpoena, Practice Commentary (2013 ed.).

[31] *See, e.g.*, *Cottrell v. Costco Wholesale Corp.*, No. 10-3154 (MJD/JJK), 2012 WL 3779143, at *3 (D. Minn. Aug. 31, 2012) ("Because [the subpoenaed witness] is an employee of Costco, but not an officer, the Court must quash this subpoena."); *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co.*, 262 F.R.D. 293, 302-303 (S.D.N.Y. 2009) ("[S]ubpoenas served on individual employees who are not corporate officers, and who reside outside the geographic scope of Rule 45, must be quashed."); *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, No. CIV 08-1101 JB/RLP, 2009 WL 3672499, at *2-3 (D.N.M. Sept. 29, 2009) ("The Court would therefore be forced to quash the subpoena as soon as it issued because the employees referenced by [plaintiff] are not officers of the Defendants, and they would be required to travel more than 100 miles to reach the Courthouse…. In short, rule 45 does not permit the Court to require the attendance of Defendants' employees.").

[32] Fed. R. Civ. P. 45(c)(3)(A)(ii).

11

delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."

Dr. Young and Ms. Machalaba are not officers of Novartis, and therefore plaintiffs' subpoenas must be quashed on this ground based on any interpretation of Rule 45(c)(3)(A)(ii). As explained in Dr. Young's and Ms. Machalaba's attached declarations, Dr. Young and Ms. Machalaba:

- are not listed as officers of Novartis in *any* SEC public filing;
- do not sit on Novartis' Executive Committee of company officers in charge of the company's fundamental business operations;
- do not control corporate policy, keep the corporate books, or hold the corporate seal; and
- are not authorized to accept service of a summons or complaint on Novartis' behalf.[33]

Dr. Young and Ms. Machalaba do not exercise executive functions for Novartis, and they do not qualify as "officers" who could trigger even plaintiffs' erroneous interpretation of Rule 45(c)(3)(A)(ii).

## IV. Prior decisions from this district are distinguishable.

Novartis expects that plaintiffs will rely on Judge Adams' decision to deny Novartis' motions to quash subpoenas issued to Dr. Young and Ms. Machalaba for trial testimony in the *Chiles* case and on two non-Zometa cases, *Williams*[34] and *Conyers*[35] as the law of this district. They did so, unsuccessfully, in their briefing before Judge Presnell in *Guenther*.

---

[33] *See* Young Decl. (Ex. 6); Machalaba Decl. (Ex. 7).

[34] *Williams v. Asplundh Tree Expert Co.*, No. 3:05-cv-479-J-33MCR, 2006 WL 2598758 (M.D. Fla. Sept. 11, 2006).

The *Guenther* ruling at the very least makes it impossible to claim that this district has embraced the *Vioxx* misinterpretation of Rule 45(c)(3)(A)(ii). *Guenther*, unlike *Chiles* and *Williams*, was decided after the clarifying amendments to Rule 45 were adopted by the Supreme Court. And the *Conyers* decision was based on brieifing that failed to discuss those clarifying amendments.[36]

## CONCLUSION

For the foregoing reasons, the Court should quash the subpoenas improperly served on Dr. Young and Ms. Machalaba.

---

[35] *Conyers v. Balboa Ins. Co.*, No. 8:12-cv-T-33EAJ, 2013 WL 2450108 (M.D. Fla. June 5, 2013).

[36] Def.'s Mot. to Quash Trial Subpoena and Pls.' Resp., *Conyers v. Balboa Ins. Co.*, No. 8:12-cv-30-T-33EAJ (M.D. Fla.), ECF Nos. 55 & 58.

Dated: September 5, 2013                    Respectfully Submitted,

/s/ Kirby T. Griffis
Kirby T. Griffis (*pro hac vice*)
(kgriffis@hollingsworthllp.com)
Matthew J. Malinowski (*pro hac vice*)
(mmalinowski@hollingsworthllp.com)
HOLLINGSWORTH LLP
1350 I Street, NW
Washington, D.C. 20005
(202) 898-5800
(202) 682-1639 (fax)

Susan K. Spurgeon (Florida Bar No. 478229)
(susan@penningtonlaw.com)
Michael J. Thomas (Florida Bar No. 897760)
(mike@penningtonlaw.com)
PENNINGTON P.A.
215 South Monroe St., 2nd Floor
Tallahassee, FL 32301
(850) 222-3533
(850) 222-2126 (fax)

*Attorneys for Defendant*
*Novartis Pharmaceuticals Corporation*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of September 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

    s/ Kirby T. Griffis
    Kirby T. Griffis
    *Admitted Pro Hac Vice*
    Matthew J. Malinowski
    *Admitted Pro Hac Vice*
    *Attorneys for Defendant*
    *Novartis Pharmaceuticals Corporation*
    HOLLINGSWORTH LLP
    1350 I Street, N.W.
    Washington, DC  20005
    (202) 898-5800
    (202) 682-1639 (fax)
    kgriffis@hollingsworthllp.com
    mmalinowski@hollingsworthllp.com