**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

RUTH DOPSON-TROUTT and
FRANK TROUTT,

    Plaintiffs,

v.                                                    Case No.: 8:06-CV-1708-T-24-EAJ

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the Motion to Quash Subpoenas of Diane Young and Joanne Machalaba, [Doc. 159], and the Motion to Quash Plaintiffs' "30(B)(6)" Trial Subpoena, [Doc. 160], filed by Defendant Novartis Pharmaceutical Corporation ("NPC"). Plaintiffs Ruth Dopson-Troutt and Frank Troutt oppose both motions. [Doc. 168].

**I.    NPC'S MOTION TO QUASH SUBPOENAS OF YOUNG AND MACHALABA**

On August 28, 2013, Plaintiffs served subpoenas for trial testimony of Diane Young and Joanne Machalaba, two NPC employees who live and work in New Jersey, on NPC's registered agent in Tallahassee, Florida. [Doc. 159, Exs. 1-2]. Young and Machalaba's subpoenas are respectively directed to "Novartis Pharmaceuticals Corporation, Corporate Designee: Diane Young. Per prior deposition/trial testimony" and "Novartis Pharmaceuticals Corporation, Corporate Designee: Joanne Machalaba. Per prior deposition/trial testimony." [Doc. 159, Exs. 1-2]. NPC moves to quash these subpoenas as improper, because Young and Machalaba were not properly served within the geographical limits under Rule 45(b).

First, NPC contends that the subpoenas were directed toward Young and Machalaba individually and that service upon NPC's registered agent was not proper service on them under Rule 45. In response, Plaintiffs contend the subpoenas were in reality directed to NPC and the corporation's agent could therefore accept service on its behalf.

However, the subpoenas set forth the names of the individuals directed to appear at trial and are directed to the named individuals, Young and Machalaba, not NPC. Describing Young and Machalaba as corporate designees did not direct the subpoenas toward NPC. Further, it is clear from Plaintiffs' response that they are attempting to compel Young and Machalaba's individual appearances at trial. "Serving a subpoena requires delivering a copy to the named person." Fed. R. Civ. P. 45(b)(1). Here, service was improper because service was made on NPC's registered agent in Tallahassee, not the individuals named in the subpoena. *See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Sch.*, 2007 WL 2296916, at *1 (D.N.M. June 26, 2007); *Smith v. Midland Brake, Inc.,* 162 F.R.D. 683, 685-86 (D. Kan. 1995); *Application of Johnson & Johnson,* 59 F.R.D. 174, 177 (D. Del. 1973) (finding insufficient service where an individual was named in a subpoena and the subpoena was served on the registered agent of the named individual's corporate employer).

Second, NPC contends this Court has no power to subpoena Young and Machalaba—both of whom live and work in New Jersey, which is more than 100 miles away from the Tampa courthouse where trial will take place—to appear and testify at trial.[1] Plaintiffs respond that Young and Machalaba are NPC's officers and therefore Rule 45(c)(3)(A)(ii) gives the Court authority to compel them to give trial testimony more than 100 miles from where they reside, are employed, or regularly transact business in person. The parties' arguments center on the disagreement among courts regarding the interplay of Rule 45(b)(2)(B) and Rule 45(c)(3)(A)(ii)—*i.e.,* whether Rule

---

[1] NPC also notes that even if service on NPC's registered agent were proper, Tallahassee is more than 100 miles from the courthouse where trial will take place.

45(b)(2)'s territorial limits apply to both party and nonparty subpoenas or whether Rule 45(c)(3)(A)(ii) gives courts the power to issue subpoenas nationwide to parties and parties' officers.

Rule 45(b)(2) sets forth limits on where a subpoena may be served and provides:

> (2) Service in the United States. Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:
>
>> (A) within the district of the issuing court;
>>
>> (B) outside that district but within 100 miles of the place specified for the deposition, hearing, trial, production, or inspection;
>>
>> (C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the deposition, hearing, trial, production, or inspection; or
>>
>> (D) that the court authorizes on motion and for good cause, if a federal statute so provides.

Fed. R. Civ. P. 45(b)(2). Rule 45(c)(3)(A) sets forth conditions under which a court must quash or modify a subpoena and provides, in relevant part:

> (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that . . . . (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person-except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held . . . .

Fed. R. Civ. P. 45(c)(3)(A).

NPC cites to the case, *Armenian Assembly of America, Inc. v. Cafesjian*, 746 F.Supp.2d 55 (D.D.C. 2010), which held that Rule 45(c)(3)(A)(ii) "does not permit service of a trial subpoena on a party witness who is beyond the limits of Rule 45(b)(2)." *Id*. at 61. *Cafesjian* reflects the minority view that Rule 45(b)(2) defines the parameters of a court's subpoena power and where a subpoena may be served, and that Rule 45(c)(3)(A)(ii) limits—but does not expand—that power. *Id*. at 62; *see also Chao v. Tyson Foods*, 255 F.R.D. 556, 559 (N.D. Ala. 2009) ("It is . . . too tenuous an inference to conclude that because a court is not required to *quash* a subpoena issued to

3

a party or a party's officer under Rule 45(c)(3)(A)(ii), it therefore has the power to *compel* the attendance of a party witness who was served beyond the explicit geographical limitations of Rule 45(b)(2) and that *service* of a subpoena is valid on a nationwide basis whenever the person served is a party or the officer of a party.") (emphases in original); *Johnson v. Big Lots Stores, Inc.*, 251 F.R.D. 213, 218 (E.D. La. 2008) ("Rule 45(c)(3)(A)(ii) spells out circumstances when a court must quash a subpoena, but it does not alter the requirements for proper service of a subpoena [under Rule 45(b)(2)].").

Plaintiffs cite to the case, *In re Vioxx Products Liability Litigation,* 438 F.Supp.2d 664 (E.D. La. 2006), which held that "parties and their officers are subject to compulsion to attend trials that occur outside the 100 mile limit otherwise available to non-parties." *Id*. at 666 (citing cases). *In re Vioxx* reflects the majority view that a subpoena consistent with Rule 45(c)(3)(A)(ii), even if not served within the limits of Rule 45(b)(2), is proper.

The Court agrees with the reasoning of the minority view as described in *Cafesjian*, *Chao*, and *Big Lots*. "Thus, to compel a person to attend trial, the person must be served with a subpoena in one of the places listed in Rule 45(b)(2) *and* not be subject to the protection in Rule 45(c)(3)(A)(ii), which protects nonparty witnesses who work or reside more than 100 miles from the courthouse, but not parties or party officers." *Big Lots*, 251 F.R.D. at 218-19 (emphasis in original). Here, Young and Machalaba have not been properly served in one of the places listed in Rule 45(b)(2). Even if they were NPC's officers, the Court cannot compel them to appear at trial.[2] The Court therefore grants NPC's motion to quash Young and Machalaba's subpoenas.

---

[2] Although the Court's ruling is based on its interpretation of the current Rule 45(b)(2) and Rule 45(c)(3)(a), the Court notes that amendments to Rule 45 are effective December 1, 2013, absent contrary action by Congress. Citing to *In re Vioxx* and *Big Lots*, the amended rule's comments state that "these amendments resolve the split in interpreting Rule 45's provisions for subpoenaing parties and party officers" and that the amended rule "does not authorize a subpoena for trial to require a party or party officer to travel more than 100 miles unless the party or party officer resides, is employed, or regularly transacts business in person in the state."

## II.     MOTION TO QUASH PLAINTIFFS' "30(B)(6)" TRIAL SUBPOENA

On August 28, 2013, Plaintiffs served NPC's registered agent with a subpoena for trial testimony of a "Corporate Representative with most knowledge re: doc's produced/business records." [Doc. 160, Ex. 1]. NPC seeks to quash the subpoena because Plaintiffs are attempting to issue a subpoena under Rule 30(b)(6), which provides in part:

> In its notice or subpoena, a party may name as the deponent a public or private corporation, . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization. . . .

NPC argues that the subpoena is improper, because Rule 30(b)(6) does not apply to subpoenas for trial testimony. As support, NPC cites to *Hill v. National Railroad Passenger Corpation,* 1989 WL 87621 (E.D. La. July 28, 1989), which states:

> Rule 30(b)(6) specifically applies to the deposition of a corporation. Rule 45 . . . provides the proper procedure by which a person may be compelled to testify at trial. There is no provision allowing the use of the 30(b)(6)-type designation of areas of inquiry or allowing service on a corporation through an agent for service of process in order to compel a particular person, who may be a corporate employee outside the subpoena power of the court, to testify at trial.

*Id.* at *1-2.[3]  Further, NPC asserts that the subpoena is improper for the following additional reasons: (1) discovery has closed; (2) NPC knows of no corporate witness meeting the subpoena's description who is within the geographical limits of Rule 45(b)(2); and (3) the description of the witness is impermissibly vague.

---

[3] Although *Conyers v. Balboa Ins. Co.*, 2013 WL 2450108 (M.D. Fla. June 5, 2013) declined to follow *Hill* and denied a motion to quash the subpoena for an unnamed corporate representative's trial testimony, *Conyers* found that the corporate representative was a "party," that Rule 45(b)(2)'s 100-mile limit was inapplicable to a party, and that the nonmovant did not depose any corporate representative during discovery. As discussed, this Court disagrees with the majority view that Rule 45(c)(3) allows the Court to compel the trial testimony of a party who has not been properly served under Rule 45(b)(2), and Plaintiffs can play testimony of Young and Machalaba.

5

In their response, Plaintiffs do not address NPC's arguments. Rather, Plaintiffs state that a corporate witness is necessary because: (1) the jury will be less engaged without a live witness and (2) Plaintiffs' counsel would have to play video testimony when NPC objects to the admission of its business records.

However, Plaintiffs' preference for live testimony and concern regarding the tempo of trial are insufficient in light of their failure to dispute NPC's argument that Plaintiffs cannot properly compel trial testimony through a Rule 30(b)(6)-type designation and NPC's assertions that no corporate witness is within the Court's subpoena power under Rule 45(b)(2). Further, Plaintiffs indicate that they have the testimony needed to respond to any objections as to admissibility of business records. The Court therefore grants NPC's motion to quash the unnamed corporate representative subpoena.

Accordingly, it is **ORDERED AND ADJUDGED** that NPC's Motion to Quash Subpoenas of Diane Young and Joanne Machalaba [Doc. 159] is **GRANTED**, Motion to Quash Plaintiffs' "30(B)(6)" Trial Subpoena [Doc. 160] is **GRANTED**, and the subpoenas at issue are hereby quashed.

**DONE** and **ORDERED** in Tampa, Florida on September 13, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record and parties