**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

RUTH DOPSON-TROUTT and
FRANK TROUTT,

    Plaintiffs,

v.                                    Case No.: 8:06-CV-1708-T-24-EAJ

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.

_____/

**<u>ORDER</u>**

This cause comes before the Court on Plaintiffs' Ruth Dopson-Troutt and Frank Troutt Motion For Leave to Depose Dr. Arthur Feldman, which Defendant Novartis Pharmaceuticals Corporation opposes. (Dkts. 219, 220.)

Trial in this case is set to begin on March 24, 2014. Plaintiffs' remaining claims are claims for negligent failure to warn, breach of express warranty, and loss of consortium.

Originally, trial was set to begin on October 21, 2013. On September 6, 2013, the plaintiffs issued a subpoena for and notice of a videotaped *de bene esse* deposition of Dr. Feldman, the oncologist who prescribed Aredia and Zometa to Dopson-Troutt. NPC moved to strike the notice as untimely, futile, and unfairly prejudicial. After considering the plaintiffs' undue delay in seeking to obtain Dr. Feldman's deposition, the timing of trial, unfairness to NPC, and NPC's representation that it will not object to the admissibility of Dr. Feldman's declaration, the Court granted NPC's motion.

On October 15, 2013, the Court granted the parties' motion to continue the trial due to the federal government shutdown, and the parties agreed to a new trial date of March 24, 2014.

On October 28, 2013, the plaintiffs issued a subpoena for Dr. Feldman's deposition, which they subsequently withdrew when NPC threatened to file a motion to show cause why the plaintiffs should not be held in contempt of the Court's prior order.  On December 17, 2013, the plaintiffs filed a motion for leave to take Dr. Feldman's *de bene esse* deposition.   NPC opposes, contending that the plaintiffs' motion is nothing more than a motion to reconsider the Court's prior order striking the plaintiffs' notice for Dr. Feldman's deposition and that it would be prejudiced by a deposition taken at this late date.

The decision to grant or deny a *de bene esse* deposition is an inherently fact-specific inquiry requiring the Court to "consider all the circumstances, including fairness to the adverse party and the amount of time remaining before the date set for trial." *Chrysler Int'l Corp. v. Chemaly*, 280 F.3d 1358, 1362 (11th Cir. 2002).   The Court's determination is largely discretionary.

Noting that the Court's prior order considered the plaintiffs' undue delay and prejudice to NPC, NPC argues that the plaintiffs' undue delay is compounded because they waited seven weeks after the Court moved the trial date before filing their present motion to depose Dr. Feldman.  Further, despite acknowledging that "trial is not quite as imminent as it was when the Court originally ruled," NPC asserts trial is still imminent and NPC would still be prejudiced.

However, the plaintiffs' motion for leave to take Dr. Feldman's deposition was filed over three months before the new trial date, whereas the plaintiffs' previously sought to take Dr. Feldman's deposition six weeks before trial.  The Court also notes that the plaintiffs' counsel issued a subpoena for Dr. Feldman two weeks after the Court's order continuing trial (although they subsequently withdrew it upon NPC's request).  Further, the plaintiffs' motion addresses the materiality of Dr. Feldman's trial testimony.  Whereas the plaintiffs had previously focused on

their contention that their purpose for taking Dr. Feldman's deposition was to counter NPC's objections to the admissibility of his declaration (to which NPC replied that it did not object to the admissibility), the plaintiffs now contend that Dr. Feldman's trial deposition would provide direct evidence of proximate cause.

The Court acknowledges that the plaintiffs could have reasonably anticipated that Dr. Feldman, a Pennsylvania resident, would be unavailable to testify at trial in Florida and taken steps to preserve his testimony earlier. The Court also acknowledges that it could have ruled on Plaintiffs' motion back in December. However, there are seven weeks remaining before trial and Plaintiffs should have the opportunity to take the deposition.

Accordingly, the Plaintiffs' Motion to Take Dr. Arthur Feldman's Deposition (Dkt. 219) is **GRANTED**. Plaintiffs shall take Dr. Feldman's *de bene esse* deposition by February 24, 2014. The deposition shall be limited to no more than two hours with both parties having equal time.

**DONE AND ORDERED** in Tampa, Florida, this 3rd day of February, 2014.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of record